## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

and

CHRISTINE ROMERO,

      Intervenor,

v.                                   No. CIV 02-1090 WJ/DJS

BELL GAS, INCORPORATED, A-X PROPANE,
INC., CORTEZ GAS COMPANY, BLACK
GOLD ENERGY CORPORATION, d/b/a A-X
EXPRESS MART and CONOCO #155,

      Defendants.

### MEMORANDUM OPINION AND ORDER SETTING ASIDE DEFAULT, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER

      THIS MATTER comes before the Court pursuant to Defendants's Opposed Motion to Set Aside Clerk's Entry of Default [Docket No. 13], Plaintiff's Motion for Default [Docket No. 9], and Plaintiff Equal Employment Opportunity Commission's Opposed Motion to Strike Defendant's Answer Filed December 23, 2002 [Docket No. 18]. Having reviewed the submissions of the parties and being otherwise fully advised, I find that the motion to set aside default will be granted, and the Plaintiff's motions for default judgment and to set aside the Defendant's answer will be denied for the reasons stated herein.

**PROCEDURAL HISTORY**

Plaintiff Equal Employment Opportunity Commisson (EEOC) filed the Complaint in this matter on August 29, 2002.  On September 20, 2002, Plaintiff sent waivers of service to defendants requesting that defendants waive service and answer the complaint within sixty days of September 20.  Ray Bell, president of Defendants Bell Gas, Inc., (Bell Gas), Cortez Gas Co. (Cortez), Black Gold Energy Corp. (Black Gold), and A-X Propane, Inc. (A-X Propane) signed waivers of service on behalf of all these Defendants on October 17, 2002.  On December 16, 2002, Plaintiff filed a motion for default judgment as no defendant had filed an answer to the complaint or otherwise entered an appearance in the case.  Subsequently, on December 17, Plaintiff requested the clerk enter default against the Defendants.  On December 19, the clerk entered default.  On December 20, 2002, counsel for Defendants entered an appearance, and on December 23, Defendants filed an answer and a motion to set aside the clerk's entry of default.  To date, no default judgment has been entered in the case.

**DISCUSSION**

A court may use its discretion to set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c).  The good cause required for setting aside a clerk's entry of default under Rule 55(c) poses a lesser standard for a defaulting party than the excusable neglect which must be shown to obtain relief from judgment under Rule 60(b).  Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).  The principal factors a court considers when determining whether a defendant has met the good cause standard are 1) whether the default was the result of culpable conduct of the defendant; 2) whether the plaintiff would be prejudiced if default would be set aside; and 3) whether the defendant presented a meritorious defense.  Porter v. Brancato, 171 F.R.D. 303, 304 (D. Kan. 1997).  These factors, however, are not carved in

stone and a court may consider other factors.  In re Dierschke, 975 F.2d 181, 184 (5th Cir. 1992).

A factor of particular importance to this Court is the law's preference for the resolution of legal

claims on the merits.  Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1272 (10th Cir.

2001).[1]

Plaintiff points to Porter for the proposition that a failure to file a timely answer to a

complaint after receiving actual notice of the complaint is culpable conduct.  The court in Porter,

however, found that the defendant's failure to file a timely answer showed a willful and flagrant

disregard for the court in part because the defendant did not move to set aside the default until six

months after he had been served.  171 F.R.D. at 304.  It is also worth noting that the Porter case

involved a defendant's motion to set aside a default judgment under Ruled 60(b) rather than a

motion to set aside default under Rule 55(c).  I do not find that the defendants in this case have

shown a willful or flagrant disregard for the court.  Rather, the defendants' failure to file a timely

answer was the result of an honest mistake.  Thus, I find that the failure of the Defendants in this

case to file a timely answer was not the result of culpable conduct.

Plaintiff will not be overly prejudiced by the set aside of the entry of default in this case.

The motion to set aside the default was filed less than a week after default was requested and

entered.  Additionally, Defendants' answer contains affirmative defenses that appear meritorious,

even at this early stage of litigation.  For these reasons, I will grant Defendants' motion to set

aside the default.  Accordingly, I will deny Plaintiff's motion for default judgment and motion to

strike Defendants' answer.

---

[1]Had default judgment been entered in this case, this factor would be tempered by the
public policy favoring finality of judgments.  See Weiss v. St. Paul Fire and Marine Ins. Co., 283
F.3d 790, 794 (6th Cir. 2002).

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants's Opposed Motion to Set Aside Clerk's Entry of Default [Docket No. 13] is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default [Docket No. 9] is hereby DENIED.

IT IS FINALLY ORDERED that Plaintiff Equal Employment Opportunity Commission's Opposed Motion to Strike Defendant's Answer filed December 23, 2002 [Docket No. 18] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE